UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mr. Jerome Myers; and<br>Ms. Gloria Myers,<br><br>                    Plaintiffs,<br><br>vs.<br><br>Attorney Cezar E. McKnight;<br>Attorney Dennis J. Christensen;<br>Sgt. Donald Daquigan;<br>Elizabeth Spencer, *Dept. Elderly Support Unit*;<br>Willie O. W. McFadden-Myers;<br>Latonya Hobson;<br>Attorney Shelly K. All,<br><br>                    Defendants. | C/A No. 2:10-3259-RMG-RSC<br><br><br><br><br><br>**Report and Recommendation** |

This is a civil action filed by two *pro se* Plaintiffs. The case is presently before the undersigned United States Magistrate Judge for a Report and Recommendation following pre-service review pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) DSC.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The Plaintiffs' complaint is subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing,

1

that subject matter jurisdiction exists, and that a case is not frivolous.[1] *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). *See also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307-308 (1989) (mentioning in dicta that "[s]tatutory provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable, however, the Court had "inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous"); *Rolle v. Berkowitz*, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678, *1 (S.D.N.Y. Feb. 11, 2004) (finding it appropriate to dismiss *sua sponte* and with prejudice a

---

[1] Authority in this district indicates that pre-screening, under 28 U.S.C. § 1915, is inapplicable in *pro se*, non-prisoner, fee-paid cases. *See Bardes v. Magera*, C/A No. 2:08-487-PMD-RSC, 2008 WL 2627134, *8-10 (D.S.C. June 25, 2008) (finding persuasive the Sixth Circuit's opinion in *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999), that § 1915(e)(2) is inapplicable to actions that are not pursued *in forma pauperis*); and *Key v. United States Dep't of Transp.*, C/A No. 2:01-3076-DCN (D.S.C. Dec. 7, 2001, Order)(finding that a *pro se* non-prisoner plaintiff has to invoke § 1915 before the pre-screening under § 1915 applies to the case). This Court is not conducting an initial review pursuant to 28 U.S.C. § 1915(e)(2) because Plaintiffs have paid the filing fee. *See* Receipt No. SCX200008331 (D.S.C. Dec. 23, 2010)

fee-paying *pro se* plaintiff's action when the claims presented no arguably meritorious issue to consider); *Cummings v. Giuliani*, No. 00 Civ. 6634 SAS, 2000 WL 1597868, at *2 (S.D.N.Y. Oct. 24, 2000) (dismissing a non-prisoner *pro se* fee-paid civil action that presented no arguably meritorious claim).

Since the two Plaintiffs are *pro se* litigants, their pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007); and *Estelle v. Gamble*, 429 U.S. 97 (1976). The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Further, the requirement of liberal construction does not allow the court to ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

3

### *Background of this Case*

Plaintiffs, who are the son (Jerome) and the daughter (Gloria) of Henry Myers, file their *pro se* Complaint seeking relief relating to alleged forgery of a durable power of Attorney executed on April 12, 2007, by Henry Myers. The "lead" defendant, Attorney Cezar E. McKnight, notarized and witnessed the signing of the durable power of attorney. Plaintiffs also allege that their father, Henry Myers, "didn't put his Signatures on that Documents [*sic*], nor Did [*sic*] he agree at that time to have someone else sign it for him, at that time." (ECF No. 1, at page 4). According to Plaintiffs, Defendant Willie O. W. M. Myers (who is listed in the caption of the Complaint as Willie O. W. McFadden-Myers) "[c]ommitted Forey [*sic*: should read "Forgery"] of the Durable Power[.]"[2] Plaintiffs also allege that Defendant Lotonya Hobson signed as a witness to the execution of the durable power of attorney.

According to Plaintiffs, the durable power of attorney was revoked by the Probate Court for Charleston County on April 12, 2007. *See* Case No. 2007GC10000091, which was filed on July 25, 2007), proceedings of which are available at www.charlestoncounty.org/departments/ProbateCourt/onlinesearch.htm; click link for "estate/will and conservatorship/guardianship

---

[2]Willie O. W. McFadden-Myers is the spouse of Henry Myers.

records," enter "Myers, Henry" and click search (last visited Dec. 29, 2010).[3]

Plaintiffs state that they hired Attorney Dennis Christensen to take the case of the alleged forgery of the durable power of attorney. Mr. Christensen turned the matter over to his law partner, Attorney Shelly K. All. At a Probate Court hearing, Willie O. W. McFadden-Myers testified that she and Plaintiffs did not get along.

Plaintiffs apparently felt that their father was being taken advantage of by Willie O. W. McFadden-Myers. They filed reports with local law enforcement authorities and with an entity responsible for protecting the elderly. Defendant Sgt. Donald Daquigan investigated the matter for the West Ashley Police Department and Elizabeth Spencer for the "Dept. Elderly Support Unit." Neither investigation resulted in criminal charges against the other defendants.

---

[3] The court may take judicial notice of factual information located in postings on government websites. *See McCormick v. Wright*, C.A. No. 2:10-cv-00033-RBH-RSC, 2010 U.S. Dist. LEXIS 13799 at *6-7 n. 5 (D.S.C. Jan. 15, 2010) *adopted by, dismissed without prejudice by McCormick v. Wright*, 2010 U.S. Dist. LEXIS 13726 (D.S.C. Feb. 17, 2010); *In Re Katrina Canal Breaches Consolidated Litigation*, 533 F. Supp. 2d 615, 631-33 & nn. 14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); and *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating)

The Complaint, liberally construed with all factual allegations assumed to be true, fails to state a cognizable claim that falls within the scope of this Court's limited jurisdiction. The Complaint should be summarily dismissed because of the lack of diversity of citizenship between the parties and because of the "probate exception" to this Court's subject matter jurisdiction, which prohibits the exercise of federal jurisdiction over matters that are exclusively within the jurisdiction of state probate courts, even when all of the prerequisites for diversity jurisdiction are otherwise present (which they are *not*, in this case, as noted above, because all parties are South Carolina residents). *See McRae v. Evans*, No. 2:06-3075-CWH-RSC, 2006 U.S. Dist. LEXIS 83672, *4-8 (D.S.C. Nov. 14, 2006) *remanded by McRae v. Evans*, 2007 U.S. Dist. LEXIS 30727 (D.S.C. April 25, 2007) *rehearing denied by, remanded by McRae v. Evans*, 2007 U.S. Dist. LEXIS 35652 (D.S.C. May 15, 2007)(citing *Beattie v. J. M. Tull Foundation*, 941 F. Supp. 57 (D.S.C. 1996))(as to matters which do not involve administration of an estate or the probate of a will, but which may be determined in a separate action *inter partes* in the courts of general jurisdiction of the state, the federal courts have jurisdiction if the requisite diversity of citizenship exists). The alleged facts in the Complaint also make Plaintiffs' claims subject to dismissal under the *Rooker-Feldman* Doctrine, which precludes Plaintiffs from seeking federal injunctive relief

to overrule the state probate court orders relating to their father's guardianship and conservatorship.

## *Discussion*

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332.[4] Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. V. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999)(citing *Lehigh Mining & Mfg. Co. V. Kelly*, 160 U.S. 337 (1895). Accordingly, a federal court is required, *sua sponte*,

---

[4]The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3)("Whenever it appears...that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988)(citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1)requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399(citing 2 Moore's Federal Practice § 8.03[3](3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

It is clear from the face of the Complaint that diversity of citizenship under 28 U.S.C. § 1332 does not exist in this case because, according to the information provided by Plaintiffs when they filed their Complaint, Plaintiffs and Defendants are residents of South Carolina. Plaintiffs' Complaint and "Civil Cover Sheet" demonstrate that Plaintiffs' domicile is Charleston County, South Carolina. Plaintiffs' address is listed as "2321 Taylor Street, Charleston, SC 29406." (Complaint at 2-4). Plaintiffs' Complaint, "Civil Cover Sheet," proposed summonses, and proposed Forms USM-285 indicate that Defendants are also residents of South Carolina. The only inference the Court can draw is that all of the Plaintiffs and Defendants live in South Carolina. Accordingly, this Court has no federal diversity jurisdiction of the case *sub judice* because it appears on the face of the Complaint that Plaintiffs and Defendants are all domiciled in the State of South Carolina.

It is also clear that the essential allegations contained in Plaintiffs' Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's federal question jurisdiction. Plaintiffs' allegations do not contain any explicit reference to an alleged violation of a federal statute, treaty, or constitutional provision by Defendants, nor is any type of federal

question jurisdiction otherwise evident on the face of the Complaint.

The "probate exception" to this Court's diversity jurisdiction prohibits the exercise of federal jurisdiction over matters that are within the exclusive jurisdiction of a state probate court, even if all of the prerequisites for diversity jurisdiction are otherwise present (which is *not* the case here, because all parties are South Carolina residents, as noted above).

In *Beattie v. J. M. Tull Foundation*, this Court referred to "the well-established 'probate exception' to diversity jurisdiction [which] maintains that 'the federal courts have no jurisdiction over matters within the exclusive jurisdiction of state probate courts.'" *Beattie*, 941 F. Supp. at 58. In such cases, "[t]he jurisdictional matter can be decided by determining whether the action could be maintained in a state court of general jurisdiction in the state where the federal court sits." *Id*. The United States Supreme Court has narrowed the probate exception in *Marshall v. Marshall*, 547 U.S. 293 (2006), stating that it "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside of those confines and otherwise within federal jurisdiction." *Marshall*, 547 U.S. at 311-

12. In reaching its decision, the Supreme Court reiterated the "interference" language in *Markham v. Cabell*, 326 U.S. 404 (1945) that "federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees, and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Id*. at 310 (citing *Markham*, 326 U.S. at 494).

Under S.C. Code Ann. § 62-1-302(a)(2), a South Carolina probate court "has exclusive original jurisdiction over all subject matter related to: protection of . . . incapacitated persons, including the mortgage and sale of personal and real property owned by . . . incapacitated persons." Under § 62-5-402, after a petition for protective proceedings has been filed in the probate court, the probate court "has exclusive jurisdiction to determine the need for a conservator or other protective order until the proceedings are terminated" and "exclusive jurisdiction to determine how the estate of the protected person which is subject to the laws of the State must be managed, expended, or distributed to or for the use of the protected person or any of his dependents." Under § 62-5-402(3), the probate court "has concurrent jurisdiction [with the circuit court] to determine the validity of claims for or against the person or estate of the

11

protected person except as limited by Section 62-5-433." Claims exceeding $25,000.00 must be filed in the circuit court. Claims not exceeding $25,000 may be filed either in the probate court or the circuit court. *See* S. C. Code Ann. § 62-5-433(A)(1). In the instant case, Plaintiffs do not expressly assert any monetary claims, so the Charleston County Probate Court remains the exclusive state court forum for resolution of matters pertaining to the appointment of their father's guardian and conservator. Since Plaintiffs' action could not be maintained in a state court of general jurisdiction, *i.e.* the circuit court (Court of Common Pleas), it could only be maintained in South Carolina's probate court. Plaintiffs' action involves "a purely probate matter" as described in *Marshall*, which in this case is the custody and administration of father's estate, *i.e.* all of his property, pursuant to the state probate court's jurisdiction to determine a person's competency and to appoint a guardian and/or conservator to protect an incompetent person. Accordingly, in light of the "probate exception," this Court has no jurisdiction over Plaintiffs' Complaint.[5]

---

[5] Even under a very narrow construction of the "probate exception," where the exception is deemed to apply only to actions involving the administration of a *decedent's* estate or the probate of a will, which actions do not require a federal court to disturb possession of a *decedent's* estate that is properly in the hands of a state probate court, this Court would still not have jurisdiction over the instant case because Plaintiffs have failed to allege facts sufficient to establish federal question jurisdiction and the
(continued...)

The allegations in the Complaint also make Plaintiffs' claims subject to summary dismissal under the *Rooker-Feldman* Doctrine, which precludes Plaintiffs from seeking federal injunctive relief to overrule the state probate court order appointing their father's guardian and conservator. Proceedings and rulings made in the courts of the State of South Carolina cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)(a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257).[6] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly

---

[5](...continued)
lack of complete diversity of citizenship between the parties fails to establish diversity jurisdiction. *See Beattie*, 941 F. Supp. at 58-59.

[6]Appeals of orders issued by lower state courts must go to a higher state court. The Congress, for more than two hundred years, has provided that only the Supreme Court of the United States may review a decision of a state's highest court. *See* 28 U.S.C. § 1257. Since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right; *see Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491(3d Cir. 1997). In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors, *e.g.*, *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1991) (an example of a South Carolina Supreme Court case that was reviewed by the United States Supreme Court).

referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine. *See, e.g., Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712 (4th Cir. 2006); *Ivy Club v. Edwards*, 943 F.2d 270, 284 (3d Cir. 1991). The *Rooker-Feldman* doctrine is jurisdictional, so it may be raised by the Court *sua sponte*. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003). According to our Court of Appeals, "the *Rooker-Feldman* doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006).

Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by the South Carolina state courts. Plaintiffs' submission of the Complaint in this case appears to be an attempt to have this Court review state court proceedings that took place in the Charleston County Probate Court. *See Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); and *Hagerty v. Succession of Clement*, 749 F.2d 217, 219-20 (5th Cir. 1984)(collecting cases). In this case, Plaintiffs are clearly claiming that they have been wronged and

injured as a result of the state court decisions made in father's guardianship or conservatorship proceeding. This is precisely the type of claim that the *Rooker-Feldman* doctrine precludes. *See Willner v. Frey*, No. 06-1432, 243 Fed. Appx. 744, 2007 WL 2227816 (4th Cir. 2007). To rule in favor of Plaintiffs on their claims in connection with the state court proceedings would, necessarily, require this Court to overrule (or otherwise find invalid) various orders and rulings made in the courts of the State of South Carolina. Such a result is prohibited under the *Rooker-Feldman* doctrine. *Davani*, 434 F.3d at 719-20. *See also Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. at 293-94; and *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 200-202 (4th Cir. 1997).

Additionally, any § 1983 claims against Defendant Willie O. W. McFadden-Myers, insofar as they involve alleged wrongful actions of her as a court-appointed guardian occurring "within the judicial process," are barred by the doctrine of quasi-judicial immunity under *Fleming v. Asbill*, 42 F.3d 886, 889 (4th Cir 1994). While a state common law negligence claim or breach of fiduciary duty claim would be viable under *Fleming v. Asbill*, any such pendent state law claim should be dismissed here because there is no diversity of citizenship among the parties and there is no supplemental jurisdiction based on the existence of a cognizable federal claim.

Even if this case is construed as an action filed pursuant to 42 U.S.C. § 1983, the three attorneys, the father's spouse, and the

witness to the execution of the durable power of attorney are entitled to summary dismissal because they have not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under color of state law. See *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999); and *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980).[7] Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. See *Lugar v. Edmondson Oil Co.*, 457 U.S. at 936; and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).

Although Defendant Daquigan and Defendant Spencer have clearly acted under color of state law, *West v. Atkins*, 487 U.S. 42, 50 (1988) ("Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law."), Plaintiffs do not have standing to seek a criminal investigation or criminal charges against persons associated with the alleged forgery of the durable power of attorney. See *Linda R. S. v. Richard D.*, 410 U.S. 614,

---

[7]In this judicial circuit, it is well settled that a witness in a state court proceeding cannot be sued under 42 U.S.C. § 1983 because a witness does not act under color of state law, which is a jurisdictional requirement for a § 1983 suit. *Burke v. Miller*, 580 F.2d 108, 109-10 & n. 3 (4th Cir. 1978).

619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases); *Doyle v. Oklahoma State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970); *Nader v. Saxbe*, 162 U.S.App.D.C. 89, 497 F.2d 676, 679 nn. 18-19, 681 n. 27 (D.C. Cir. 1974) (n. 27: "Thus her [Linda R. S.'s] complaint in effect sought a judicial order compelling prosecution of a particular individual, a practice shunned by American courts."); and *United States v. Passman*, 465 F. Supp. 736, 741 & n. 13 (W.D. La. 1979) ("the defendant lacks standing to challenge the failure of the government to instigate criminal proceedings against another person."). *See also Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"). Moreover, this Court cannot suspend or remove Defendants from their various jobs or from appointments made by the Probate Court for Charleston County. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir. 1960).

As earlier stated, this case would ordinarily be subject to summary dismissal under 28 U.S.C. § 1915. The provisions of the 28 U.S.C. § 1915, however, do not apply in cases where the filing fee has been paid, as the statute refers to cases proceeding *in forma pauperis*. *See Farese v. Scherer*, 342 F.3d 1223, 1227-29 (11th Cir. 2003); and *Key v. United States Department of Transportation, et al.*, Civil Action No. 2:01-3076-DCN (ECF No. 10 [expressing the view that pretrial dismissal procedures of the PLRA/AEDPA are not available in non-prisoner/non-IFP cases]). Although Chief Judge Norton's Order in *Key v. United States Department of Transportation, et al.*, Civil Action No. 2:01-3076-DCN (ECF No. 10), indicates that the pre-trial dismissal procedures of the PLRA/AEDPA are not available in non-prisoner/non-IFP cases, other District Judges in this court have held that a pre-paid, *pro se* case may be summarily dismissed. *See* Order of the Honorable Margaret B. Seymour, United States District Judge, dated July 1, 2008 in *Albert Russell Clay, trading as CMC Steelworks v. Joseph Ed Nix, et al.*, Civil Action No. 9:08-1371-MBS (ECF No. 17).

Payment of the filing fee does not cure the jurisdictional defects in this case. *See Conner v. Greef*, No. 03-5986, 99 Fed.Appx. 577, 580, 2004 WL 898866 (6th Cir. April 26, 2004) (even where filing fee has been paid, district court may dismiss a complaint *sua sponte* where it is "totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, or no longer open to

discussion"), citing *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), and *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974). *See also* Fed. R. Civ. P. 12(h)(3), which provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

### *Recommendation*

Accordingly, in the absence of either federal question or diversity jurisdiction, it is recommended that the District Court dismiss the Complaint in the above captioned case *without prejudice* and without issuance and service of process, notwithstanding Plaintiffs' payment of the filing fee. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). Plaintiffs' attention is directed to the important notice on the next page.

January 4, 2011  
Charleston, South Carolina

Robert S. Carr  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiffs are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).