IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mr. Jerome Myers and Ms. Gloria Myers, | ) | Civil Action No. 2:10-cv-3259-RMG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Attorney Cezar McKnight, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs filed this *pro se* action alleging that Defendants have committed various violations of their rights arising out of a probate matter once pending in Charleston County State Court involving South Carolina Plaintiffs and Defendants. The Magistrate Judge recommended granting dismissing Plaintiffs' claims without prejudice for lack of jurisdiction and without requiring issuance and service of process. (Dkt. No. 8). Plaintiff has objected to the Report and Recommendation ("R & R") of the Magistrate Judge. As shown herein, this Court has reviewed the Record *de novo*, considered Plaintiff's objections, and agrees with the Magistrate Judge's report and adopts it as the order of this Court and incorporates it herein.

### Law/Analysis

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the

1

Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

As addressed in the R&R, there are legal barriers to Plaintiffs' clams. This Court has inherent power to determine if it has jurisdiction over a matter before proceeding further. Here, from the face of the pleadings, it is apparent this Court lacks jurisdiction. First, the parties involved are all South Carolina citizens. (Dkt. No. 1). Thus, complete diversity does not exist and diversity jurisdiction cannot be established under 28 U.S.C § 1332. Moreover, the allegations of the Complaint surround a 2007 probate matter that was adjudicated by the State probate court. Therefore, this matter is not one that "aris[es] under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331. Further, it is well established that this Court has no jurisdiction over a matter within the exclusive jurisdiction of the state probate court. *Beattie v. J.M. Tull Foundation*, 941 F. Supp. 57, 58 (D.S.C. 1996). Accordingly, this Court is without jurisdiction to proceed further in this matter.

## Conclusion

Accordingly, this Court grants dismisses Plaintiffs' complaint without prejudice and without issue and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 24, 2011
Charleston, South Carolina